# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

JOHN THORPE CHRISTIE,

    Petitioner,

vs.

GREG SMITH, *et al.*,

    Respondents.

3:11-cv-00581-LRH-VPC

**ORDER**

This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by a Nevada state prisoner.

Petitioner submitted his federal habeas petition to this Court on August 9, 2011. (ECF No. 1). This Court denied petitioner's application to proceed *in forma pauperis* by order dated August 11, 2011, and petitioner was allowed time to submit the filing fee for this action. (ECF No. 3). Petitioner submitted the filing fee, and on October 14, 2011, this Court ordered the petition to be filed and served on respondents, specifying that an answer or other response was due within 45 days. (ECF No. 5). The Court has granted two extensions of time for respondents to file an answer or other response. (ECF Nos. 11 and 13).

Thereafter, on February 1, 2012, petitioner filed a motion to hold his federal habeas petition in abeyance. (ECF No. 14). Respondents opposed the motion and petitioner filed a reply. (ECF Nos. 15 and 16). In limited circumstances, the court can order the stay and abeyance of a mixed petition to allow a petitioner to return to state court to exhaust his unexhausted claims. *Rhines v. Weber*, 544 U.S. 269 (2005). The *Rhines* Court stated:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

*Rhines*, 544 U.S. at 277. The circumstances in which the court may grant a stay and abeyance are limited to situations where the court determines that petitioner has shown: (1) good cause for his failure to exhaust his claims in state court; (2) that the unexhausted claims are meritorious; and (3) that the petitioner has not "engaged in intentionally dilatory litigation tactics." *Id.* at 277-78.

As cause for a stay and abeyance of his federal habeas petition, petitioner states that he still has matters pending before the Nevada Supreme Court. Specifically, petitioner has appealed the denial of his motion to withdraw guilty plea, and this appeal is still pending in the Nevada Supreme Court. Petitioner states that once the Nevada Supreme Court's decision is rendered, he intends to add newly exhausted claims to his petition. (ECF No. 14, at p. 2). It appears from petitioner's motion that the claims he seeks to exhaust are not in his federal petition. Petitioner does not assert that his petition is mixed. Petitioner has not given any explanation for why he could not have previously exhausted his claims in state court. This Court is unaware of any authority allowing a stay and abeyance of a federal petition so that petitioner may add unidentified claims to his petition at an undetermined future date. Because petitioner has not presented the claims he seeks to exhaust to this Court, there is no way for the Court to conduct the required review of their merits, as required by *Rhines v. Weber*, 544 U.S. 269 (2005). As such, petitioner's motion for a stay and abeyance of the federal petition (ECF No. 14) is denied.

On March 7, 2012, respondents filed a motion for an extension of time in which to file an answer/responsive pleading to the petition for a writ of habeas corpus. (ECF No. 17). Respondents seek a 30-day enlargement of time, up to and including April 11, 2012,

to file an answer or other responsive pleading. Having reviewed the motion and good cause appearing, respondents' motion is granted.

**IT IS THEREFORE ORDERED** that petitioner's motion for a stay and abeyance of his federal petition (ECF No. 14) is **DENIED.**

**IT IS FURTHER ORDERED** that respondents' motion for an extension of time to file an answer or responsive pleading (ECF No. 17) is **GRANTED.** The answer/responsive pleading shall be filed on or before **April 11, 2012.**

Dated this 13th day of March, 2012.

LARRY R. HICKS
UNITED STATES DISTRICT JUDGE